Moulton *v.* Chadborne.

---

## MOULTON *versus* CHADBORNE.

An officer may attach an indivisible article of property, though far beyond the value he was directed by his precept to attach.

He is not bound to take receipt for property attached, but may retain it in his own possession.

A request, by the debtor, that the officer will attach other property, instead of that which he has already attached, imposes no duty upon the officer. Neither does the offer of a third person to deposit money, for the officer's security, to induce him to discharge the property attached, impose any duty.

It is the officer's duty to attach personal instead of real property, if so directed.

The conduct and motives of the officer, at the time of making the attachment, must be looked at, in determining whether he acted unlawfully.

The mere offer, by the debtor, to have an appraisement of attached property, without any further steps taken by him, is insufficient to impose any duty upon the officer.

*It seems*, a vessel in good repair, at the port of the owner's residence, is not among the sorts of property, of which appraisal may be had, under R. S. c. 114, § 53 to 57.

CASE against the sheriff for misconduct of Chase, his deputy.

Trial before WELLS, J.

Plaintiff offered in evidence a writ, Bridges against himself, upon a note, the *ad damnum* and the order to attach therein being $100; upon which writ, Chase had returned an attachment of the Schooner, Golden Rule.

He then introduced witnesses, whose testimony tended to prove, that the schooner was the plaintiff's property, and worth $2500; that Chase put keepers on board; that he, the plaintiff, had much other personal property liable to attachment, of various descriptions, and in the aggregate, of many thousands of dollars in value, known to the officer and within his reach to be attached; among which were other vessels, ship timber, cordage, iron, cattle, hay, wood, boats, sails, and household furniture; several of the said articles being over $100 in value, yet much nearer to that sum than was the value of the schooner attached; that he had large real estates; that the Golden Rule was all fitted and about starting to sea, under contract to carry freight, of which the officer was notified; that he informed the officer he did not wish to pay the note, because he had a claim against Bridges, which he should lose, unless he could use it in set-off to the note; that he requested the officer to release the vessel and attach other property; that he offered sufficient receipters for the Golden Rule; that one Goodwin offered to lodge for the safety of the officer the $100, if he would release the vessel; that he requested the officer to have her appraised, that he might obtain the delivery of her on bond, as provided in R. S. ch. 114, § 53 to 57; and that the officer refused to comply with any of the said requests or enter into any of the proposed arrangements.

The court instructed the jury, " 1st, that if the plaintiff had other personal property beside the Golden Rule, and which corresponded in value more nearly to the amount commanded to be attached in the writ, and which the officer, making the attachment, could have found upon due inquiry and reason-

able search, it would be his duty to attach such other property and he would not be authorized to attach the vessel ; 2d, that the officer was not bound to take a receipter ; 3d, that the offer to deposit $100, and the offer of plaintiff to turn out other property, at a period subsequent to the attachment, could have no influence upon the case ; that the question for them to determine was, whether the officer acted unlawfully in making the attachment, and they were to look at his motives and conduct at the day and hour when the attachment was made ; that the offer of plaintiff to have the vessel appraised must be laid out of the case ; that no malicious disposition could be inferred from the officer's declining such offer ; and that whether he had a disposition to oppress the defendant, must be gathered from what he did, and from such testimony as was admitted in evidence."

The verdict was for the defendant, and is to be set aside, if any of the instructions were erroneous.

SHEPLEY, C. J. orally. — 1. The first instruction, though the court would not be understood to sanction it as law, was as favorable to the plaintiff as could be justified. An officer may attach a vessel for $50, without waiting to see if a horse was free from incumbrances and might be held.

2. The officer is not bound to take any receipt for property. If he should do it, without consent of the creditor, he would be liable to him, at all events, for the property.

Should he do it, the contract would be a legal one, and it is frequently best for all concerned, that it should be done. But there is no obligation on the officer to do it.

3. The offer, by Goodwin, to deposite $100 was of no legal effect. It was not attachable on writ, and it was not the property of Moulton.

4. Equally unimportant was the request, that the officer should take other property as a substitute for the vessel. He was not compellable to do it.

It was the officer's duty immediately to attach personal

property, if so directed. He could not excuse himself by attaching real estate only.

If, by delay in examining title, he should fail to secure the debt, he would be responsible for it to the creditor.

5. The instruction was therefore right, that the conduct and motives of the officer, at the day and hour of making the attachment, was to be looked at, in determining whether he acted unlawfully.

6. The offer to have the vessel appraised was incomplete. But if complete, the statute provision does not apply to a vessel situated as this was. *Exceptions overruled.*

*D. Goodenow* and *Leland*, for defendant.

*Appleton* and *Eastman*, for plaintiff.